## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 25 2018, 9:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

J. Kirk LeBlanc
LeBlanc Nettles Davis
Brownsburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Commissioner, Indiana Department of Insurance, *Appellant-Respondent,* <br><br> v. <br><br> Donald L. Emry, *Appellee-Petitioner.* | April 25, 2018 <br><br> Court of Appeals Case No. 32A05-1712-PL-2996 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Rhett M. Stuard, Judge <br><br> Trial Court Cause No. 32D02-1703-PL-29 |

**Bradford, Judge.**

# Case Summary

On September 20, 2016, the Commissioner for the Indiana Department of Insurance ("the Commissioner") determined that Donald Emry's insurance producer's license ("license") should be suspended after Emry demonstrated untrustworthiness and inappropriate behavior toward Indiana Department of Insurance ("the Department") staff. An administrative law judge ("ALJ") upheld the Commissioner's decision on December 16, 2017. Emry sought judicial review by the trial court. Following a hearing, the trial court found that the evidence was insufficient to sustain the agency's decision. The Commissioner appealed the trial court's decision. Because we conclude that the evidence was sufficient to sustain the agency's decision, we reverse the decision of the trial court and reinstate the suspension of Emry's license.

# Facts and Procedural History

On July 25, 2016, Emry visited the Department to pay the fees required for the renewal of his license. Department employee Megan Canfield assisted Emry with the renewal of his license. After Canfield accepted Emry's payment, he "seemed to get upset" when she asked if he had completed the required continuing education. Appellant's App. Vol. II, p. 132. Emry hit Canfield twice on the left arm with his right hand. Afterward, Canfield asked co-worker Laurie Shook to accompany her as she spoke with Emry because she did not want to be alone with him. Shook observed that Emry had seemed angry and upset during his interaction with Canfield.

[3] Canfield reported the altercation to Charles Herndon, the director of insurance fraud investigations and head of security for the Department. Herndon reviewed security video of Canfield's interactions with Emry and, while he could not see Emry strike Canfield when he reviewed the video because of the placement of the camera, he did observe Emry's hand move twice in a manner consistent with Canfield's allegations.

[4] On July 26, 2016, the Commissioner issued an emergency order in which it found that Emry had "struck Canfield in the arm twice" and concluded that "[s]triking a Department employee demonstrates untrustworthiness and inappropriate behavior toward Department staff, such that a suspension of Emry's license is appropriate." Appellant's App. Vol. II, pp. 24, 25. As a result, he determined that Emry's license should be "immediately suspended for ninety (90) days" and "[a] hearing shall be held within ninety (90) days to determine whether Emry's [license] should be permanently revoked." Appellant's App. Vol. II, p. 25.

[5] An administrative hearing was conducted on August 10, 2016, after which the ALJ issued an order finding that Emry's license should be suspended. On September 20, 2016, the Commissioner entered a final order that upheld the emergency order and continued the suspension of Emry's license.

[6] A second administrative hearing was conducted on November 16, 2016. The ALJ issued an order on December 16, 2016, in which it found that

> Emry struck [Canfield] twice on her forearm causing pain, fear and apprehension. The lobby video footage was primarily blocked from view by [Canfield's] body; however, it appeared that [Emry's] right hand and forearm moved in a motion that could be interpreted as a hand strike as described by [Canfield].

Appellant's App. Vol. II, p. 35. The ALJ recommended that (1) Emry's license be suspended for two years and (2) Emry "should be fined in an amount that the [Commissioner] would find appropriate under the circumstances." Appellant's App. Vol. II, p. 37. The Commissioner entered a final order on February 1, 2017, in which it suspended Emry's license "for a period of two (2) years from the date of the Emergency Order, July 26, 2016[,]" and ordered that Emry "may reapply after the elapse of the (2) year suspension if [he] has successfully completed a Department approved anger management course." Appellant's App. Vol. II, p. 21.

[7] On March 2, 2017, Emry filed a petition for judicial review. Following a hearing, the trial court found that the evidence was insufficient to sustain the agency's decision. The trial court overturned the suspension and ordered that Emry's license be reinstated.

# Discussion and Decision

[8] The Commissioner contends that the trial court erred in reversing the agency's decision. "When reviewing the decision of an administrative agency, we are bound by the same standard of review as the trial court." *Andrianova v. Ind. Family & Soc. Servs. Admin.*, 799 N.E.2d 5, 7 (Ind. Ct. App. 2003).

> We will reverse an administrative decision only if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to a constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence.

*Id.* (internal citation and quotations omitted).

[9] "When reviewing an administrative agency's decision, the trial court may not try the facts de novo or supplant the agency's judgment with its own." *Id.* "Neither the trial court nor this court may reweigh the evidence or reassess witness credibility." *Id.* "Rather, reviewing courts must accept the facts as found by the agency factfinder." *Id.* at 7–8. "The party seeking judicial review bears the burden of demonstrating that the agency's action is invalid." *Id.* at 8.

[10] The facts most favorable to the agency's decision are sufficient to sustain the decision. Canfield testified that Emry struck her twice on the arm. Shook observed that Emry seemed angry and upset. Upon reviewing video of the Canfield's interaction with Emry, Herndon observed Emry's hand move twice in a manner consistent with Canfield's allegations. Specifically, Herndon observed Emry's "hand come up and go down sharply and then his hand c[o]me across his chest and down a second time." Appellant's App. Vol. II, p. 189.

[11] In requesting judicial review by the trial court, Emry effectively asked the trial court to reweigh the evidence, which neither we nor the trial court may do. *See*

*Andrianova*, 799 N.E.2d at 8. Upon review, we conclude that the evidence most favorable to the agency's decision is sufficient to sustain its action. Emry, therefore, has failed to prove that the agency's action was invalid.

[12] The judgment of the trial court is reversed and the suspension of Emry's license is reinstated.

Baker, J., and Kirsch, J., concur.